OPINION of the Court, by
Judge Owsley.
Johnston obtained judgment by confession against Lyncht for 1003 dollars, with interest at the rate of five pets centum per annum thereon from the 29th day of January 1798, until paid, and costs. An execution issued corresponding with the judgment, and a replevin bond was entered into by Lynch, and Blanton and Adair his securities, under the penalty of 2842 dollars 83 cents, condhioned to pay the principal, interest and costs, amouatinS to 1431 dollars 41 1-2 cents, and bearing date the 30th June 1804. To obtain relief Lynch exhibited his bill in chancery, and obtained an injunction on the judgment and proceedings at law. On a final hearing of the cause in equity, the court dismissed his with ten per cent, damages and costs. From this decree Lynch prosecuted an appeal to this court, where the decr§e of the court below was affirmed with damages or! the damages decreed by that court and costs. A. flerl fac'tas then issued, commanding the sheriff that he cause to be made of the estate of Lynch, Blanton and -^a'r 2812 dollars 83 cents, which Johnston had recovered against them on a replevin bond, and also 11 dollars 9 1-2 cents costs. Upon the back of this exe-cut'Ion v/ere the following endorsements, viz,. “ Memo. ... . r . , , , . , ~ 1 ne within execution is to be discharged by the payment of 1421 dollars 41 cents and 5 mills, with interest thereon from the 30th of June 1804, at the rate, of six Per centum per annum until paid, and the costs within mentioned. No security to be taken. Att. Richard U One hundred and forty pounds, with interest, for the benefit of George Findly — See papers fc-led. Willis A. Lee, C. G. C. The sheriff ®f Mercer -s harehy directed to levy and make tfen per centum damages on the amount due on the 5tn December 1804, *335 in consequence of the dissolution of the injunction obtained herein. Willis A. Lee, C. G. C. The sheriff of Mercer is hertly directed to levy and make ten per centum damages cn the amount due on the 16th of Be-cember 1805, in consequence of the said Lynch Upon an appeal herein before the court of appeals, Willis A. Lee, C. G. t.”
if one oí fe. ment and before execution,ajei. execution a. tbe fur-
execut tion in fuch cafe
¾3⅛11 cut fuggeflion of thedeatfe of not take advan. ta8e oi *£*
By virtue of this execution the sheriff levied and a tract o'f 418 acres of lard, the property of Adair, After this a ca. sa. issued against the same persons for the like sum, with the like endorsements of those on the jl. jet.
1 o be relieved against these executions Lynch 'Adair prosecuted a writ of error ccrcm vebis, and assigned for error therein — 1st,That there was nojudgment, nor decree, nor bond having the force of a juc'gment, against Lynch, Adair and Blanton, which rised the executions, or either of them, in manner and form as they have issued. 2d, 1 here is no judgment against the defendants in the executions for the costs therein mentioned. 3d, The executions iimpicpeily issued against persons therein named, the said Blanton having departed this life before the issuing of either of the executions.
Upon calling the writ of error for trial, Johnston moved the court to amend the executions ; but the amendment was refused and the executions quashed. From this judgment Johnston has appealed to this court.
In the consideration of this cause, we shall consider as a correct principle, that the endorsements on the ex~ ecutions form part of them. Such has heretofore been the decision of this court, and we have seen no good reason for departing from that decision. Testing this case then by that principle, it evidently results that'they include sums for which Adair and Blanton are not responsible. They were not parties to the suit in chancery, and consequently not liable for the costs or damages adjudged on the dissolution of the injunction, or on the affirmance of the decree by this court. For those damages and costs an execution could regularly have issued against Lynch duly. But as they were jointly bound with him in the replevin bond, for the amount due on that bond, executions might regularly have issu *336 ed against them all jointly. But for the excess above’ the sum secured by the replevin bond, the executions' are clearly erroneous.
But what should be the effect of the irregularity— whether it is amendable or entirely vitiates the executions, is the principal inquiry in this cause. It is true, according to the strict ancient rules of the common law, errors in the process were not amendable ; but by various statutes and adjudications of more modern date, the rule is now incontrovertibly settled, that errors occasioned by clerical misprisions, where there exists any thing in the record to amend by, will be amended. And this will be done whether the error exists in the, proceedings before or after judgment. Thus it has been held that the judgment may be amended by the verdict, and the writ of execution by the judgment, xstf by the award of it on the roll- — -See Tidd’s Prac. 662, and the authorities there cited. And in the case of Phelps vs. Ball, 1 John. Cases 31, it was held by thfe' supreme court of New-York, that an execution was* amendable after it had been returned satisfied. And according to the same principle, it has been repeatedly held by this court, errors for excess in replevin bonds are amendable — SeePr. Dec. 170, 173, 175, 208, 218, 249. That the error in the excess complained of in the executions in question, is a clerical misprision, and there exists enough in the record to amend by, there can be no doubt: for although all the defendants in the executions are not liable to the full amount of the executions with their endorsements, it is evident upon what judgments and replevin bond the executions issued; and as they are all liable only for the amount of the re-plevin bond, it is clear the excess above that is the misprision of the clerk. But it was contended in argument that if the executions are amendable, it is at the discretion of the court; and that under the circumstances of this case, that discretion has not been abused in withholding the amendment. It is true during the progress of a cause the court has a discretion in permitting amendments of defects or omissions produced by the act of the parties ; but this rule, we apprehend, does not prevail ia applications to amend errors produced by the misprision of the clerk : for in such a case the right to amend is given by the statutes of amendment, strictly so called, *337 and cannot be controlled by the discretion of the judge. We are of opinion, therefore, that the executions should have been amended by correcting the excess above the amount for which Lynch, Adair and Blanton are jointly liable, and that the court below consequently erred in refusing to make the amendment.
Judge Logan dissents from the preceding part of this opinion.
But it was assigned for error in the writ of error co-ram vobis, that the executions improperly issued against the persons therein named, Blanton having departed this life before the date of either. It remains, there-fogse, to determine the effect of that assignment of error. %;j5eems anciently to have been held that where one of ⅞⅜ or more defendants to a joint judgment died after jjmdgment, that before an execution could issue the judg-should be revived by scire facias. But it appears ⅜⅜⅝ to be settled that in such a case execution may is-'Sife without a revival ; and as the execution must agree with the judgment, it should be sued out in the name of all the defendants — See Williams’s note 4 to 2 Saund. 72, k. and the authorities there cited, and 2 Tidd’s Prac. 1009.
The executions, therefore, properly issued against all those named in the replevin bond. Whether there should have been a suggestion of Blanton’s death before the issuing of the execution, the assignment of errors in the writ of error coram vobis does not make it necessary for us to decide, nor do we intend it to be understood as having been decided ; but as the charge survives against Lynch and Adair, they can sustain no possible injury by the executions issuing without such a suggestion ; and it would therefore seem to follow that if such a suggestion was necessary, the failing to make it is an error of which they cannot complain.
The judgment of the court below, therefore, must be reversed, the cause remanded to that court and judgment there entered according to the principles of this opinion.
The appellees must pay the appellant his costs m this court.