Opinion of the Court.
THE defendant in error issued his capias, not requiring bail, in an action on the case, against the plaintiff, and the sheriff returned thereon, “Not found, within my bailiwick.” An alias issued, and was returned, “No inhabitant of this commonwealth.” A pluries was next returned, “No inhabitant of my county.” The writ was thereupon ordered to abate by the sheriff’s return. On a subsequent day of the term, this order of abatement was set aside, and *245 proclamation ordered, pursuant to the 25th section of the act entitled “an act to reduce into one the several acts for preventing vexatious suits, and regulating proceedings in civil cases,” 1 Litt. 498. This proclamation stated on its face, that it appeared to the satisfaction of the court, that the plaintiff in error was not an inhabitant of this commonwealth. After proof of proclamation being made as the statute requires, the court empannelled a jury to enquire of damages, and rendered judgment by default against the plaintiff in error.
1 Dig. 252.
It is evident this judgment cannot be sustained. The defendant in error was not entitled to proclamation, without a return of “non est inventus ;” and such return the sheriff could not make, with propriety, where the defendant below was a known inhabitant of another county or state; and only against those belonging to the county, was such return proper, according to the principles recognized by this court in the case of Sneed vs. Weister, &c. 2 Marsh. 279. It evidently results, that all proceedings subsequent to the order of abatement, are erroneous.
The judgment, and all proceedings subsequent to the order abating the suit, must be reversed and set aside, with costs.