## Bray *vs* Howard, &c.

ERROR TO THE JEFFERSON CIRCUIT.

*Limitation. Sureties in judgments, &c.*

JUDGE BRECK delivered the opinion of the Court.

RONALD, upon notice to Howard, Brooks and Nold, obligors in a replevin bond in the Jefferson Circuit Court, in favor of Bray, moved the Judge of said Court for an execution to issue on said bond for his use, in the name of the plaintiff. The Court overruled the motion and Ronald has brought the case to this Court.

It appears that McMichael, a deputy Sheriff, having in his hands an execution upon the replevin bond, some months after the return day, paid over the amount to Bray, the plaintiff, who gave his receipt for the same. McMichael returned upon the execution, that he had settled it in full with the plaintiff, but no part of it had been paid by either of the defendants, or any person for them. He afterwards assigned the execution to Ronald.

It further appears that the original judgment was rendered against Howard and Brooks, and that it was replevied by them with Nold as surety.

It was also proved upon the trial that Brooks was the surety of Howard on the note, upon which the original judgment was obtained.

The first question is, whether Ronald, in the state of case thus presented, was entitled to be substituted to the rights of the plaintiff in the replevin bond.

It was held by this Court in *Finn* vs *Stratton*, (5 *J. J. Marshall*, 366,) and is considered as the settled doctrine, that when the Sheriff has paid to the plaintiff in an execution, the amount thereof, having rendered himself liable therefor by his official defalcation respecting it, he has a right, by substitution, to occupy the place of the plaintiff, and should be allowed to use his name for making the money out of the estate of the defendants.

A sheriff who paid to the plaintiff in an execution the amount thereof, having become liable therefor by his official defalcation, has the right to be substituted to the right of the plaintiff, and in the name

BRAY
*vs*
HOWARD, &c.
of the plaintiff to.
be    reimbursed.
his. payment.

The proof in this case shows that McMichael had paid to the plaintiff the amount of the execution against Howard, &c. It appears to have been paid several months after the return day. There is no evidence that the execution, or any .part of it, had been collected from the defendants or paid by them, nor does it appear that the execution had been returned within the time required by law. The presumption, we think is, therefore, authorized, that McMichael paid the amount of it to Bray, in consequence of his liability, resulting from official neglect in regard to it, and that he thereby acquired a right to the replevin bond and to use the name of the plaintiff in its collection. The right or interest thus acquired, passed by his assignment to Ronald.

The next question presented for consideration is, whether the case as to Brooks and Nold is embraced by our statutes of limitation, which were relied upon in the Court below.

The execution upon the replevin bond returned by McMichael, was issued in August and made returnable in October, 1838, and no subsequent execution appears to have been issued. This proceeding, by motion, was commenced in 1846.

A surety in a replevin bond is released by the failure of the plaintiff to sue out execution thereon for one year by the 19th section of the statute of 1838. (2 *B. Monroe*, 378.)

It is manifest, therefore, that the case as to Nold, is embraced by the 19th section of the act of 1828, (1 *Stat. Law*, 645,) according to the construction given to it by this Court in *Bank of the Commonwealth* vs *Patterson*, (2 *B. Monroe*, 378.) He was surety in the replevin bond, as appears upon its face, and no execution could issue against him.

Sureties are discharged from liability on *judgments*, injunction bonds, &c. when seven years shall have elapsed without execution, unless, &c. The terms *sureties in judgments* is construed to mean *sureties on bonds on which judgments have been recovered.*

The case as to Brooks, we think, is provided for in the first section of the act of 1838, limiting actions against sureties, (3 *Stat. Law*, 558.)

That act provides that sureties shall be discharged from liability on *judgments*, injunction, appeal, supersedeas, sale and replevin bonds, &c., when seven years shall have elapsed without execution on the judgment, unless delayed by dilatory proceedings on the part of the defendants. It is contended that the expression that sureties shall be discharged from liability on *judgments*, must

mean *judgment bonds.* But we cannot concur in that construction. We are aware of no bond in this State, recognized in our statutes or known in common parlance by that appellation.

The Legislature, in our opinion, must have intended by the term judgments precisely what it imports, and by thè expressions sureties in judgments, sureties in the notes or obligations upon which the judgments were rendered. It was the intention to provide for defendants in judgments, who were in point of fact sureties. Brooks was in this case the surety of Howard on the note, upon which the original judgment was obtained. He did not lose that character by becoming liable upon the judgment, nor afterwards in the replevin bond. He was still the surety of Howard, and had he been compelled to pay the money, would have been entitled to all the remedies against him which a surety has against his principal. It is true, that as between Howard and Brooks, defendants in the original judgment, and Nold, the former must be regarded as principals ; but as between Howard and Brooks, the latter was still the surety of the former.

When seven years shall have elapsed after the rendition of the judgment, before any execution shall have issued, or when the same period shall have elapsed after the return of one execution before another issues, in both instances we think the statute applies.

The statute is very comprehensive in its terms, and it seems clearly, we think, to have been the intention of the Legislature to provide, that a plaintiff in a judgment, who has slumbered without suing out execution for seven years, should after that time, as to defendants who were in point of fact sureties, be compelled to slumber on without remedy by execution or otherwise against them.

Seven years having in this case elapsed without execution on the judgment or replevin bond, the plaintiff was not entitled to one as against Brooks and Nold, and the motion for execution against all the defendants, was therefore properly overruled. As against Howard, Ronald is entitled to the benefit of the judgment, and to use the name of the plaintiff in its collection. And as the overruling the motion for an execution against all the

*When seven years elapse after judgment before execution, or when there is the same lapse of time between the issual of executions, the surety is released.*

defendants will constitute no bar, and oppose no obstacle to proceeding against Howard, the judgment is affirmed.

*Ballard* for plaintiff; *Pirtle* for defendants.