DAVIESS
*vs*
WOMACK, BRY-
AN, &C.

---

## Daviess *vs* Womack, Bryan, &c.

ERROR TO THE MERCER CIRCUIT.

*Sureties. Sheriffs. Sales under executions.*

JUDGE SIMPSON delivered the opinibn of the Court.

MOTION.

*Case* 89.

*June* 9.

AT the March term, eighteen hundred and thirty two, of the Mercer Circuit Court, a judgment was rendered against Jesse Head and Samuel Daviess, for the sum of one hundred and forty two dollars, with interest from the 9th day of March, 1832, until paid, in favor of Womack & Bryan. An execution issued thereon in the same year, which was returned satisfied, except as to the sum of thirty one dollars fifty cents, part thereof. In the month of August, 1835, another execution issued on said judgment, endorsed for the benefit of B. Prather, and was returned by the Sheriff of Mercer, no property found. No other execution was sued out on the judgment until April, 1847, when one issued against Samuel Daviess alone, Jesse Head, the other defendant, having died in the spring of 1842. This last mentioned execution was levied on a tract of land, which was sold by the Sheriff and purchased by B. Prather, whereby the balance on the execution was paid off.

. This motion was made by Daviess in the Mercer Circuit Court, to quash the last named execution and sale thereon, on the following grounds, viz: First. That he was the security of Head in the note on which the judgment was recovered, and seven years having elapsed without execution, previous to issuing the one under which the sale took place, that he was discharged from liability on the judgment, and the execution issued improperly.

Case stated.

DAVIESS
vs
WOMACK, BRY-
AN, &c.

Second. That the Sheriff failed to perform his duty in reference to the valuation of the land sold, in this; that he had chosen the persons by whom the valuation was made, without any notice to the defendant, or giving him an opportunity of choosing one of the valuers.

Third. That it was illegal to issue an execution on the judgment, until it had been revived against the representatives of Jesse Head, deceased.

When seven years shall have elapsed after the rendi-

*When seven years elapse after judgment, without execution, the surety is discharged, (3 Stat. Law, 558;) so if the like period elapse between the issue of executions: (7 B. Mon. 469.) The death of the principal in the meantime makes no difference.*

tion of the judgment, before any execution shall have issued, the statute of 1838, (3 *Stat. Law*, 558,) discharges the surety from liability on the judgment. And when the same period shall have elapsed after the return of one execution before another issues, the statute also applies, as was decided in the case of *Bray* vs *Howard, &c.*, (7 *B. Monroe*, 469.)

Nor do we think the fact that the principal debtor had died before the expiration of the seven years after the judgment was rendered, or after one execution had been returned and before another issues, should prevent the application of the statute.

*The death of the principal debtor does not absolve the creditor from suing out his execution to preserve the liability of the surety.*

The object of the Legislature in this enactment, was to guard the surety from the injury frequently resulting to him from the delay of the creditor in the collection of his debt. To effect this object, diligence on the part of the creditor after the death of the principal, is as necessary as during his lifetime. An indemnity which might be attainable by the surety at an early day, might be lost by postponement to a later period. Presuming from the inaction of the creditor, that the debt had been paid, he might be prevented from resorting to those precautionary measures for his safety, of which he would have availed himself, had the creditor pressed the collection of his debt with the requisite diligence.

*—But if execution issue against the surety after the lapse of seven years, and a levy and sale take place, the sale will not be set aside at the instance of the*

If, however, an execution issue on a judgment after seven years shall have elapsed without execution, and a levy and sale be made under it, will the law sanction an annulment of the sale and purchase, at the instance of the surety, upon the ground that the statute had discharged him from all liability on the judgment? We think not; particularly in a case like the present, where

the relation of the defendants to each other, did not appear by the judgment or record of the case in which it was rendered, and a purchaser could not learn from it, that either of the defendants occupied the attitude of a mere surety. Where a defendant in a judgment intends to avail himself of the operation of the statute in his favor, he should not stand still, until the judgment is enforced by execution and sale, but should previously arrest the plaintiff's proceedings, and prevent the execution of the judgment against him. If he fail to do this, and permit a sale to be made, the law will not relieve him from the consequences of his own negligence, unless the conduct of the purchaser should affect the validity of his purchase.

In this case, it is not proved by competent testimony that Daviess was merely a surety in the judgment. The only evidence on this point contained in the record, was objected to, and was, in our opinion, inadmissible. Neither does it appear the purchaser was apprised that Daviess was merely a surety in the judgment, if such be the fact. The plaintiff, therefore, could not sustain his motion on the first ground.

As the second ground relied upon for quashing the levy and sale, is founded on the supposed misconduct of the officer, in which the purchaser did not participate, it does not affect the validity of the sale; it being well settled by repeated adjudications of this Court, that mere irregularity upon the part of the officer alone, does not render the sale invalid. But the defendant was not really injured or prejudiced in any manner, by the act of the officer complained of. The land did not sell for two thirds of the value placed upon it, so that the defendant derived from the valuation as made, all the advantage that he could have done, had a much higher value been put upon the land.

Nor is there any weight in the objection, that an execution issued on the judgment after the death of one of the defendants. If one of several defendants die after judgment, and before execution, an execution may issue against the survivors: (1 *Litt. Rep.* 244; 3 *Bibb*, 334.)

---

*Margin notes:*

DAVIESS
*vs*
WOMACK, BRYAN, &c.

surety, unless the purchaser has done some act which would affect the validity of the purchase.

Mere irregularity on the part of an officer does not alone render a sale under execution invalid, especially where the complaining party does not appear to be injured.

If one of several defendants die after judgment and before execution, execution may issue against the survivor or survivors: (1 *Litt.* 244; 3 *Bibb*, 334.)

An attempt was made on the trial of the motion, to prove the payment of the judgment, or a portion of it, before the execution issued upon which the sale was made. This evidence was irrelevant, it not being applicable to any of the grounds assigned in the notice for quashing the execution and sale.

The Circuit Court having overruled the motion, the judgment is affirmed.

*J. & W. L. Harlan* plaintiff; *S. R. Bullock* for defendants.