Chief Justice Simpson
delivered the opinion of the Court.
Two questions arise in the case presented by this record:
First: Does the fact that an execution has been issued and returned ‘no property found’ on a judgment, where one of the defendants is principal, and the other is merely a surety, excuse the failure of the creditor to sue out another execution, during a period of more than seven years, and take the case out of the operation of the statute of 1838? We decide that it does not have that effect. It does not come within the excepted cases mentioned in the statute, nor is there any good reason why it should have the effect contended for. The principal debtor may have had no property when the first execution issued, but a subsequent execution within the prescribed period, if issued, might have been satisfied, out of property subsequently acquired by him, and thereby relieved the surety from his responsibility.
Second: Shortly after the execution upon the judgment was returned ‘no property found,’ the creditor exhibited a bill in chancery to enforce a vendor’s lien upon a tract of land, and in that way to obtain satisfaction of the judgment at law, which was obtained on a note'executed for the purchase money, and in that suit in chancery, which was was still pending when this suit was tried, the principal debtor had resisted the relief prayed for, and insisted upon a recission of the contract. The question then is, whether the creditor, in consequence of the pendency of the chancery suit, and the resistance made by the purchaser to the relief sought by him, is excused for his failure to sue out another execu *402 tion upon his judgment at law. By the provisions of the statute, the surety is discharged when seven years shall have elapsed without execution upon the judgment, unless delayed by dilatory proceedings on the part of the defendants. The dilatory proceedings alluded to, are such as deprive the creditor of the right to issue an execution upon the judgment. If such right exist, notwithstanding a controversy may be pending in reference to the ultimate liability of the debtor for the amount of the judgment at law, still, as the creditor can issue an execution, it cannot with any propriety be said that he is delayed in having execution of his judgment by any dilatory proceedings on the part of the defendants, and the statutory bar applies.
Lindsey for plaintiff; Haley for defendant.
Wherefore, the decree of the Court below is affirmed.