JUDGE HARDEST
delivered the opinion oe the court.
The appellee having recovered a judgment for three hundred and fifty-nine dollars and thirty-seven cents against William Walton and the appellant W. W. Milliken, on their joint promissory note, on the 2d day of January, 1866, they, with George H. Milliken, their surety, replevied the judgment before the clerk of the court, in the manner prescribed' by section 1, article 9, chapter 36 of the Revised Statutes. Part of the debt was jsaid by Walton, and for the balance an execution was issued against him and the appellant only on the 16th of March, 1868; and to enjoin that execution the latter brought this -suit, claiming exoneration mainly on the ground that, being the surety of Walton in the original debt, he was still a surety in the replevin bond, within the meaning of section 11 of chapter 97 of the Revised Statutes, and as such was thereby released from liability by the failure of the plaintiff to have an execution issued on the bond for more than one year while he was entitled thereto. The circuit court, on the trial, dissolved the injunction and dismissed the action; and from that judgment this appeal is prosecuted.
Although the original obligation was merged in the judgment, and that in the replevin bond, the relations and rights of the appellant, as surety of Walton, remained, for most purposes, unaffected; and he might after as before the debt was replevied have claimed exoneration under the comprehensive limitation of seven years, prescribed by the statute, if the requisite delay had occurred. But construing the bond as we do, with reference to its form and import, as well as the object of the law which authorized its acceptance by the clerk, the appellant, in view of the provisions of said section 11, for the relief of sureties in such bonds, must be regarded as a principal *648 and not as a surety. It seems to us also that there was no such binding stipulation for indulgence to Walton, upon his promise to pay usurious interest, as to release the appellant as his surety.
Whereupon the judgment is affirmed.