## THOS. BRADLEY *v.* F. MOUNT MULLINS, SR.

**Principal and Surety—Diligence of Creditor.**

Section 12, 2 R. S. 400, was enacted for the protection of sureties, and requires such diligence on the part of the creditor in the collection of his debt as could enable a surety to avail himself of every indemnity or security that might be ascertained by diligence on the part of the creditor in the prosecution of his claim.

APPEAL FROM FAYETTE CIRCUIT COURT.

February 17, 1874.

OPINION BY JUDGE PRYOR:

There is no doubt but what the appellee is released from all liability on the judgment, by reason of the failure on the part of the appellant to have his execution issued thereon and prosecuted in good faith. When seven years have elapsed without the issuing of an execution, the surety in the judgment is discharged; and this must be the result, although an execution, as in this case, may have once issued on the judgment. There is no substantial difference in the act of 1838 and that regulating the rights of the parties to this

proceeding, except that the section of the Revised Statutes applicable to that case requires not only that the execution must be issued within the seven years, to hold the surety liable, but it must be prosecuted in good faith for the collection of the money. Sec. 12, 2 Rev. Stat. 400. This statute was enacted for the protection of sureties, and to require such diligence on the part of the creditor in the collection of his debt as could enable the surety to avail himself of every indemnity or security that might be ascertained by the diligence of the creditor in the prosecution of his claim. As said by this court in the case of *Daviess v. Womack, Bryan, et al.,* 8 B. Mon. 383, the enactment is to guard the surety from injury frequently resulting to him from the delay of the creditor in the collection of his debt.

The evidence, it is true, shows the insolvency of the obligors until about the period of the issual of the last execution; still the statute makes no exception, in any of its provisions, by which the creditor is relieved from the effect of his laches. The limitation is seven years, but the insolvency of the debtors will not prevent the running of the statute, unless such a saving is to be found in the enactment itself. This statute is one of repose for the relief of the surety, and in its construction the object should be to arrive at the legislative intent. This is made manifest by the express language of the act, and its construction (if there is even reason for doubt) we regard as settled by the former adjudications of this court. Appellee was surety only, and his rights are not to be determined, as is maintained by the appellant, upon the principle "that he who accepts indemnity can not plead indemnity," as there is nothing in the record that will admit of its application.

*Bray v. Howard et al.,* 7 B. Mon. 467; *Kellar v. Sinton's Ex'r,* 14 B. Mon. 248; *Millikin v. Dunning,* 6 Bush 646. The judgment of the court below is affirmed.

*Johnson & Brown, for appellant.*

*Carr, Kinkead & Darnell, for appellee.*