## Combs, et al. v. Frick Company

(Decided January 7, 1915.)

### Appeal from Perry Circuit Court.

1. **Pleading—Filing Answer—Computation of Time.**—Where defendants were given until the twenty-second day of the term to file their answer, and they tendered it on the twenty-second day, they were in time.

2. **Pleading—Set-off and Counter-claim—Unliquidated Damages.**—Where plaintiff, a foreign corporation having no property in this State, brings an action upon notes given for machinery sold by it, the purchasers may interpose by way of recoupment a demand for unliquidated damages arising out of the transaction in question.

3. **Pleading—Motions—Striking Out Pleading or Defense.**—Where defendants having failed to file their answer within the time prescribed by the Code, were put upon terms, and thereafter tendered and filed an answer which was insufficient, the court had power to strike it from the record.

NAPIER & TURNER, THOMAS B. McGREGOR and J. B. EVERSOLE for appellants.

MILLER & WHEELER for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

On November 13, 1912, R. B. Combs and J. C. Combs executed a written order to the Frick Company, directing it to ship from Waynesboro, Pa., on or about December 1, 1912, to them at Typo, Perry county, Kentucky, a sawmill and other machinery and fixtures. By the terms of the order, they agreed to pay for the machinery $246.00 in cash on delivery thereof, and five notes in the sum of $220.00 each. The notes were to be secured by a mortgage on the machinery, and on such other property as might be agreed upon.

The machinery so ordered was delivered to the purchasers on or about December 30, 1912; and on that day they gave the Frick Company their five notes in the sum of $220.00 each, secured by a mortgage executed, acknowledged and delivered by them on that date, covering the machinery so purchased and certain real estate. They also paid the $246.00 in cash.

On June 13, 1913, a default in the payment of the note first maturing having, by the terms thereof, precipitated the maturity of the whole of the indebtedness, the Frick Company instituted this action in equity in the Perry Circuit Court to recover upon the notes and to enforce the mortgage lien.

On the thirteenth day of the appearance term, August 1913, of the court, defendants filed a special demurrer to the petition, which the court overruled; and "defendants were given *until* the twenty-second day of the term in which to plead."

*On* the twenty-second day of the term the "defendants filed their answer and set-off, to which plaintiff objected, and moved the court to strike same from the record." This motion the court sustained and struck the answer and set-off from the record, over the objection of the defendants. The court then rendered judgment in favor of plaintiff for the notes sued on, and ordered a sale of the mortgaged property in satisfaction of the judgment. Defendants appeal.

1. The objection of plaintiff to the filing of the answer and set-off by the defendants was two-fold. Plaintiff insisted, first, that the pleading was not tendered in time.

As to this contention, it was held, in Newport News R. Co. v. Thomas, 96 Ky., 513, 16 R., 706, 29 S. W., 437, that when time is given until a day certain to file a bill

of exceptions, if it is filed on or before that day, it is in time.

The defendants were given until the twenty-second day of the term to plead, and having tendered it on that day, they were in time.

2.  The second objection of plaintiff to the filing of the answer and set-off by defendants was that it failed to state facts sufficient to constitute a defense, or a cause of action against plaintiff by way of counter-claim or set-off.

It is suggested that the demand attempted to be pleaded in this answer and set-off, being one for unliquidated damages, could not properly be interposed by the defendants in this action.  But it was alleged by the defendants that the plaintiff was a foreign corporation and that it had no property in this State, and, in such case, a demand for unliquidated damages was a proper ground for recoupment.  Forbes v. Cooper, 88 Ky., 285, 10 R., 865, 11 S. W., 24; Abernathy v. Myer-Bridges Company, 100 S. W., 862, 30 R., 1236; Bates v. Reitz, 157 Ky., 514, 163 S. W., 451.

So the question is, whether the pleading was sufficient to state a cause of action against the plaintiff; and upon this sufficiency rests the right of the defendants to file it at the time it was tendered.  It is true that as a general rule the sufficiency of a pleading as stating a cause of action or defense is to be tested upon demurrer; but in this case the defendants having failed to make defense within the time prescribed by the Code, were put upon terms as to the filing of their answer, and when it was tendered, and its insufficiency was urged as an objection to the filing thereof, the court, in its discretion, had the power to refuse to permit it to be filed, or after it was filed, had the power to strike it for insufficiency. 31 Cyc., 619.

Briefly stated, the purported cause of action against the plaintiff, which was set up in the answer and set-off, or really counter-claim, in question, was that the plaintiff had agreed to deliver the machinery mentioned to the defendants at Typo, Kentucky, on December 1, 1912; that it failed to comply with this agreement; that the machinery did not reach the defendants until about thirty days after its delivery was promised; that, because of this delay, the defendants were caused to lose thirty days' time, with men and teams idle at great expense to

them; and that they were thereby damaged in the sum of one thousand dollars.

But the written order which was sent by the defendants to the plaintiff and was accepted by it, and under which the machinery was delivered by plaintiff to defendants, does not stipulate that the delivery was to be made to defendants at Typo on December 1, 1912. It provides that the machinery ordered was to be shipped from Waynesboro, Pa., on or about December 1, 1912.

The defendants did not deny their execution of this written contract; and it was the only contract between the parties. Defendants did not in any manner seek to avoid or modify it. Nor was it charged that plaintiff failed to make shipment from Waynesboro, Pa., on or about December 1, 1912, as it agreed to do. In fact, the pleading shows no breach of any of the covenants of the contract entered into between the defendants and plaintiff.

Moreover, the damages sought were purely special in their nature, and the pleading charges no such communication of the circumstances as is necessary to impose liability upon the plaintiff for damages not the result of an ordinary breach of the contract, assuming it to have been made as alleged by the defendants. Pulaski Stave Company v. Millers Creek Lumber Company, 138 Ky., 372.

The pleading in question failed to state any matter available to the defendants either by way of defense or ground of recoupment against plaintiff, and the trial court properly struck it from the record.

Judgment affirmed.