## Frick Company v. Combs, et al.

(Decided February 23, 1926.)

### Appeal from Perry Circuit Court.

Appeal and Error—In Action on Supersedeas Bond, Question Whether Appeal Granted from Judgment Not Open, when Determined on Appeal so Granted.—Where appellate court had previously determined that appeal was granted from judgment and not merely from order striking answer and set-off, such question was not open in action on supersedeas bond, defended on ground that clerk was without authority to take bond because appeal had not been granted from judgment.

LEWIS & LEWIS, JOE W. CRAFT and P. T. WHEELER for appellant.

FAULKNER, STANFILL & FAULKNER for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Reversing.

On September 3, 1913, appellant, Frick Company,
recovered judgment in the Perry circuit court against R.
B. and J. C. Combs for $1,100.00, with interest and cost,
to satisfy which it was adjudged that certain property
be sold.   An appeal was prosecuted to this court and the
judgment was affirmed with damages, in an opinion which
may be found in 162 Ky. 42.   After the mandate had been
filed in the lower court and to enforce the collection of
the judgment, cost and damages, this action was in-
stituted by appellant upon the supersedeas bond against
the principals and their sureties, appellees, J. K. P.
Turner, J. B. Eversole and C. W. Napier.   For the sure-
ties a defense was interposed based wholly upon the
ground that no appeal was granted by the circuit court
from the judgment appealed from; that the clerk of that
court was without authority to take the supersedeas
bond sued on herein; that the bond was void; and that
their having signed it imposed upon them no liability.
The trial court sustained that plea and directed a verdict
to be returned for the sureties in the bond.   Hence the
appeal.

To sustain the trial court appellees insist that the
only order of the Perry circuit court from which an ap-
peal was granted by that court in the case of Frick Com-
pany v. Combs, etc., was that striking from the files of
the record the answer and set-off which had been filed.
The orders of the court can not be given that narrow
construction.   The two orders, that granting the judg-
ment for $1,100.00, with interest and cost, and directing
certain property to be sold to satisfy the same, and the
order of the court striking the answer and set-off from
the files of the record, must be read together.   The ques-
tion as to whether the appeal granted by the Perry cir-
cuit court was an appeal from the entire judgment ren-
dered by the court in the action, or was merely an appeal
from the order of that court striking the answer and set-
off from the files, was determined adversely to appel-
lant's contention upon the former appeal, as reference
to the opinion, *supra,* will make clear.   On the former
appeal this court, considering the same orders and judg-
ment which appellees insist must be construed to have
granted an appeal only from the order striking the an-
swer, concluded that an appeal was granted from the

entire judgment, and on the merits concluded that it should be affirmed with damages. That question having once been determined herein is not open for further controversy.

It appears that appellees, as sureties, signed the supersedeas bond sued on herein by which they did covenant to and with appellant, Frick Company, that Robert B. and J. C. Combs would pay to it all cost and damages that might be adjudged against them on the appeal, and that they would satisfy and perform the judgment appealed from in case it should be affirmed and any judgment or order which this court might render or order to be rendered by the inferior court. They do not pretend that a supersedeas did not issue. Their sole defense is that no appeal was granted by the trial court and that, therefore, the clerk of the court was without authority to take the supersedeas bond which they executed. Their position as to that question being untenable, as above indicated, it was error for the trial court to peremptorily instruct the jury to find for appellees. On the other hand, a peremptory instruction should have been given for appellant; in fact, a demurrer should have been sustained to the answer.

Judgment reversed and cause remanded for further proceedings consistent herewith.