## Frick Co. v. Eversole et al.

(Decided April 19, 1938.)

G. C. WILSON for appellant.

FAULKNER & FAULKNER and J. B. EVERSOLE for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On November 13, 1912, R. B. Combs and J. C. Combs bought from the Frick Company a sawmill and other machinery. The consideration was $246 in cash, and five notes for $220, each of which was secured by a mortgage on the property sold. The purchasers defaulted and Frick Company brought suit to recover on the notes and enforce its lien. Judgment in favor of the Frick Company was affirmed on appeal. Combs v. Frick Company, 162 Ky. 42, 171 S. W. 999. On the return of the case the Frick Company brought suit to recover on the supersedeas bond which was signed by the two Combs as principals, and J. K. P. Turner, J. B. Eversole, and C. W. Napier as sureties. The trial court directed a verdict in favor of the sureties. On appeal the judgment was reversed on the ground that a peremptory should have gone for the Frick Company and the demurrer should have been sustained to the answer. Frick Company v. Combs, 213 Ky. 243, 280 S. W. 920. Upon the filing of the mandate after the second appeal, the regular judge of the Perry circuit court vacated the bench, and on July 15, 1926, the special judge appointed to try the case rendered judgment in favor of the Frick Company. On August 17, 1926, there was issued on the judgment an execution which was returned "No property found" on August 23, 1926.

On October 27, 1926, the Frick Company brought this action in equity to set aside as fraudulent certain deeds which J. B. Eversole made to his wife, Ella W. Eversole. The Eversoles and others defended on numerous grounds, and on final hearing the relief prayed was denied and the petition dismissed. The Frick Company has appealed.

In view of the conclusion of the court the only defense we need consider is the plea of limitation. Section 2548, Kentucky Statutes, reads as follows:

"A surety shall be discharged from all liability under any judgment or decree, after the lapse of seven years without any execution issued thereon, and prosecuted in good faith for the collection thereof."

On December 5, 1933, all the defendants below pleaded in substance that more than seven years had elapsed since the return on the first execution without any other execution having been issued, and that J. B. Eversole, J. K. P. Turner, and C. W. Napier, being sureties in the judgment, were discharged from liability by the statute. With certain exceptions not material, section 2548, supra, is substantially the same as section 1 of the Acts of 1838. 3 St. Law, 558. In one of the first cases arising under the statute it was held that the statute applies not only to a case where seven years shall have elapsed after the rendition of the judgment before the execution shall have issued, but also where the same period shall have elapsed after the return of one execution before another issues. Bray v. Howard, 7 B. Mon. 467. The doctrine of that case was reaffirmed and followed in Daviess v. Womack, Bryan, etc., 8 B. Mon. 383, where the court said:

"When seven years shall have elapsed after the rendition of the judgment, before any execution shall have issued, the statute of 1838 (3 Stat. Law, 558), discharges the surety from liability on the judgment. And when the same period shall have elapsed after the return of one execution before another issues, the statute also applies, as was decided in the case of Bray v. Howard, etc. (7 B. Monroe 467, 469)."

The question also arose in Craig v. Gresham, 12 B. Mon. 401, and the court again held that the return of an execution against the principal and surety, "No property found," does not relieve the plaintiff from the consequent release of the surety, if he fail to issue other execution within seven years, under the statute of 1838.

But it is earnestly argued that the statute has no application to a case like this where an action was actually brought on the return of "no property found" to enforce the collection of the judgment. That question was also before the court in Craig v. Gresham, supra, and the court held that, where a creditor in an execution against two defendants, one as principal and the other as surety, the execution having once been returned "No property found," fails to sue out another execution within seven years, though he instituted a suit in equity to enforce the same claim for which exe-

cution was issued, the surety was discharged under the statute. The reason for the rule is apparent. We have two statutes, section 2548, supra, dealing with the failure within seven years to issue an execution, and section 2551, Kentucky Statutes, dealing with the failure within seven years to bring suit, and it is not perceived how the bringing of a suit can take the place of, or satisfy the requirement of, section 2548. We are therefore constrained to hold that the failure of the Frick Company to issue another execution on the judgment within seven years after the first execution was returned discharged the sureties, with the result that there is now no liability on which the conveyances from Eversole to his wife could be declared fraudulent. It follows that the judgment is correct.

Judgment affirmed.