OPINION of the Court, by
Judge Bibb.-
— The bill of Spencer states particularly the demands he held upon King the son; and as particularly, the property, notes and bonds he received from the father and son after or upon surrendering the evidences of the demand upon the son. The difference shews a deficit of £. 52, for which the decree of the circuit court was pronounced against King the son only. The bill charges positively that this deficiency happened in calculation, either by design or mistake of John King the son, who made it, to ascertain the balance for which the father was to become securi-t)r. The answers do not deny the statement of the amount for which Spencer held John King’s notes, nor the items of credit, &c. upon which the settlement and calculation of balance was made; but as to those charges in the bill, are evidently evasive. So also as to the calculation charged in the bill; the answers do not deny that a calculation for some purpose was made, but do not expressly admit it. Their answers are jointly touched in these terms; “ these defendants aver the *291 settlement aforesaid was on their part fair and honest, and that no such mistake as the complainant alleges, to-their knowledge took place; on the contrary, they say' the contract was acceded to by the said complainant for the purpose of securing his debt, and that the original demand was voluntarily relinquished by him for that purpose. If no calculation at all had been made, it was a plain and simple answer to make, excluding the possibility of the mistake alleged. The answers imply the calculation and possibility of mistake, but deny their knowledge of it. But, according to the defence made,, no calculation was necessary. For if seventy pounds was to be the sum, at all events, for which the father was to become security, no calculation was necessary to ascertain the amount. The answers take this position ; that to secure a debt, which Spencer thought doubtful, he agreed to take what notes and other accounts the said John (the son) was then possessed of, and pay the said John thirty bushels of corn ; he, the said defendant Withers, (the father of John,) would pay said complainant seventy pounds, &c. to which the complainant agreed; and after examining the accounts and notes which said defendant John was able to assign, and mature deliberation had thereon, he ratified the contract,” &c. Here again the subject of calculation, charged in the bill, is cautiously omitted by the answer. The answers would have it implied that the complainant had agreed to make an abatement of the original demand equal io £.52, but they have not made such a response expressly. The ■whole complexion of the answers evidently bespeaks an. intention, b)7 dealing in generals, to evade the particular allegations in the bill; verifying the maxim, “ <dolosas gaudetin generalibus” The affirmative allegations of the bill are neither expressly denied, nor by a statement totally inconsistent therewith. The answers may well be true, and yet the statement in the bill, that the defendants induced the complainant to believe that £. 70 was the balance due, by using the medium of an erroneoús calculation, may be true also ; and this express allegation is not denied any where in the answers. The general traverse in the answers, made according to usual' form, we consider as no response to particular allegations not before denied or confessed and avoided.
*292 The implication resulting from the answers, that th®. security of the balance was an inducement to abate £. 52, cannot avail. A sufficient inducement to the change of the contract appears, without making such an implication : such as taking other commutables, assignments of notes and accounts instead of property, and giving farther day of payment for the balance. Moreover, the bill expressly charges that no such abatement was agreed upon, nor does the answer of either defendant deny the allegation, or affirm that such an abatement was proposed or agreed to. But this abatement constituting the only defence, and being matter in avoidance, the defendants would have the court to imply, without an averment that it had been agreed upon, and to presume it as proved, when the depositions make out no ground for such a presumption. Upon the whole case, as made out upon bill, answers and depositions, this court can discover no reason to change the former opinion on the merits of the case. In that opinion, however, an extra judicial opinion is contained, that the court below might have also decreed against Withers, King, the father ; this opinion the court now correct. And with that correction, it is adjudged, ordered and decreed that the former opinion of this court, and the said decree therein made, stand affirmed,