THIS is an appeal from the judgment of the circuit of Logan county, quashing a replevin bond and execution which issued thereon.
The replevin bond bears date the 22d of April 1820; was made payable to the appellants one year thereafter, and purports to'have been taken by the sheriff under an execution, which issued against the estate of the appellees, Caldwell and Fatten, in favor of Philip C. Slaughter ; but which execution was endorsed for the benefit of the appellants, Byrne, &c.
The execution which issued on this replevin bond, bears date the 23d of April, 1821, was made returnable the 25th <if August thereafter ; but was not, in fact, taken out of the office of the clerk, until subsequent tó the first court after its date, though it was previously recorded.
At the August term of the court, it being the second term after the date of the execution, this motion was made by the appellees to quash the replevin bond and execution, for irregularities apparent on their face; and although the motion was opposed on the ground of its not having been made within the time prescribed by law, both the replevin bond and execution were quashed.
2, Were it conceded that the replevin bond is defective, still we should have no hesitation in pronouncing, that the motion of the appellees came too late for the defects to be availing.
The statute of this country. 3 Lift. 92, is explicit, and expressly interdicts motions to quash faulty replevin bonds, after the first court subsequent to the issuing of an execution thereon; and although the exe *126 cuiion which issued on the replevin bond in this ca$e?; was not. in fact, taken out of the clerk’s office before the first court after the date of the execution ; yet, according to the most obvious import of the act of ses. sion 1820, the execution in legal contemplation, must be considered as having issued previous to the first court. The eighth section of that act (Session Acts 185) provides, ft that all executions which shall or may be issued prior to the first day of July next, UP°P ar|y replevin bond having the force of a judgment, except such as may be issued on bonds given for the purchase of property sold under execution, order or decree of sale, shall not be returnable in a shorter time ^!ali one hundred and twenty days after the teste of said execution ; and such execution or executions shall remain in the office of the clerk or justice of the peace *?su*,n£ the same, for ninety days after the same may Pave been issued.’* It was under this section of the act that the execution in question was made put. and although it remained in the office of the clerk after it was made out and recorded, according to the explicit language of the section, it must be supposed to have is, sued on the day of its teste. ’
The motion to quash a replevin bond must be made within the bS\Prthe * act oi 1802, notwitiistanding the tion wTdch'issued thereon •vras nottath"cferk°s .office until after the first court from its a.e.
Where an ,execution m the use of a third person, and the effiboncfpayable to him instead of the theexecu tiont^yctit ^s a replevin bond so far, to^imbhtt011 cannca be made after tlrescftbedin the art of n 1802.
It was, therefore, too late at the second term after the date of the execution! to question the regularity of the replevin bond ; and it is not pretended, that the execution in any material respect, varies from the re. plevin bond, or that the execution is liable to any objections which do not grow out of defects alleged to ex. ist ln tlie replevin bond.-
3. We cannot admit, as was contended in argument, that the bond sought to be quashed is notcomprehend. ^y ^,e provisions of the act limiting the time of making motions to quash replevin bonds. It may have been irregular to take the bond in the name of the aPPe^anis instead of that of Slaughter, the plaintiff iri ^)e execution ; but the bond purports to have been ta. ken by the sheriff, in virtue of an execution which issued in the name of Philip C. Slaughter, and which was endorsed for the benefit of the appellants, and that cx. ecution was returned by the sheriff executed and re. plevied, accompanied by the bond in question. Howe. vei ’rreS'^at' the bond may be, therefore, it must, to ev0!7 legal purpose, be denominated a replevin bond, and as such the motion came too late to question ife regularity.
*127 The jadgment must consequently be reversed with costs, the cause remanded to the court below, and the motion of the appellees overruled with costs.