## Williamson *vs* Logan *et al.*

APPEAL FROM THE GARRARD CIRCUIT.

*Execution.   Obligors and obligees in replevin bond.
Parol authority.   Void and voidable.*

JUDGE EWING delivered the Opinion of the Court.

EJECTMENT.

*Case* 76.

*May* 3.

Facts of the case.

THIS is an action of ejectment, brought by the appellant against the appellees, in which the plaintiff failed in the Court below, and has brought the case to this Court.

It seems that Patrick Williamson, Sen. devised, by metes and bounds, sixty acres of the tract on which he died, to John Williamson, one hundred acres to Raney Williamson, and one hundred and thirty acres to Patrick Williamson, Jr. all of whom were his sons; that the latter died, and his interest descended, in parcenary, to his brothers, John and Raney, and to his sister Franky; that Thomas Kennedy administered on the estate of Patrick Williamson, Sen. and an execution issued on a judgment recovered in the Lincoln Circuit Court, against him as administrator, in favor of John Faulkner, assignee of Thomas Kennedy, on the 29th day of September, 1826, returnable to the November rules following; that said execution was levied on the personal estate and slaves of the decedent, Patrick Williamson, Sen. and his surviving children, John, Raney, and Franky, claimed the right to replevy, the administrator refusing to do so, and the sheriff took from them, as principals, and E. Best as their surety, a replevin bond, which he returned to the office as such, with the execution endorsed, "executed and replevied." Upon this replevin bond, on the 29th of March, 1829, an execution issued against the obligors therein, for the sum of $944 06, with interest from the 25th November, 1826, and costs. And by virtue of this execution and two others, one for $217 18 cents, with interest and costs, which issued on a replevin bond from the Garrard Circuit Court office, in favor of George Ballard vs Raney and Franky Williamson, and the other

WILLIAMSON
vs
LOGAN et al.

from the Court of Appeals, in favor of Faulkner and Kennedy vs Franky Williamson for $17. The entire tract of land, on which Patrick Williamson, Sen. died, was levied on and sold, in gross, for $4 40¼ cents per acre, having been first valued by commissioners at $5 per acre, and Hugh Logan, one of the defendants, became the purchaser, and a conveyance was made to him by the officer. The entire tract was given up by the Williamsons to be sold, and Logan was urged by them to become the purchaser, before the sale, and the plaintiff, John Williamson, was at the sale; made no objections to the sale, or to the *manner* in which it was made, and the whole tract did not discharge the executions, but a slave was afterwards sold to satisfy the balance and some other small claims held by the officer.

We deem it unnecessary to notice more than the two following objections made to the sale by the plaintiff's counsel.

1st. That the replevin bond executed by the three Williamsons, with Best as their surety, was *void*, upon the ground that Kennedy, the administrator and defendant in the execution, did not join in it, as one of the obligors, and that the sale made under the execution which issued upon it, was also void, and the conveyance passed no title to the defendant, Hugh Logan.

2d. That if the replevin bond was not void, that the sale in gross was irregular and wholly *void*, and conferred on the defendant no title under it.

We are clear that neither of these objections are sustainable.

A replevy bond, executed by heirs to stay a judgment against administrator without the adm'r's joining, *is not void*—nor could such bond be quashed at the instance of the obligors therein—but voidable by obligees.

Though it was irregular for the officer to take a replevin bond without requiring the defendant in the execution, and all of them, if there were more than one, to join in it, this did not render the bond *void*. The plaintiff in the execution might have complained, and for this irregularity might, no doubt, on motion, if made within the time limited by the statute of 1802, 2 *Stat. Laws*, 1552, have procured the bond to be quashed; as the privilege is given to the defendant in the execution, by the statute to suspend his *execution only* upon the *terms* that he joins in the bond, 1 *Stat. Laws*, 643, he had the right to

hold the original defendant bound, and could not be compelled to accept others in his stead.

But the defendant had no cause of complaint, as the effect of leaving him out of the bond was to release him from the judgment, and not being injured, but benefitted, *he could* not even sustain a motion to quash.

Nor had the Williamsons any ground of complaint. They being ultimately responsible for the payment of the judgment, out of the estate devised to them, voluntarily assumed its payment, and executed the bond, as principals, as a *replevin bond,* which was accepted by the sheriff, and returned to the office as a *replevin bond,* and treated and acted upon by the clerk as such, and had the effect to suspend further proceedings upon the original judgment. Nor had the clerk a right to treat it otherwise; though it was irregularly taken and defective, it was returned to his office as a replevin bond, with the execution endorsed by the sheriff *"executed* and *replevied,"* and he was bound to treat the bond, with the return of the sheriff, as merging the original judgment, and having the *force* of a judgment, until it was set aside or annuled by the judicial action of the Court; he being a mere ministerial officer, could not erect himself into a judicial tribunal and determine that the bond was void, or delay execution upon it. Nor can we perceive the force of the constitutional argument of the counsel for the plaintiff, that the bond could not have the force of a judgment, because the defendant did not join in it. If this position be true, then it could not have the force of a judgment against sureties, as they were not parties to the original judgment, and, to use the language of the counsel, the judicial stream of justice could not flow directly from the Courts of Justice to them, nor could the bond have the force of a judgment, if all the defendants, (if there were several,) should not join in it, for the stream of justice would diverge at least from those who did not join in it.

There is no analogy between the principle decided by this Court, in the case of *Woodruff, &c.* vs. *Perkins,* 1 *Bibb,* 290, and the case under consideration. There the bond was deemed null and void, because it was executed by a *feme covert,* who was the wife of the defendant in

HARVARD LAW SCHOOL LIBRARY.

the execution, and who had not the *power* to bind herself, and being void as to her, it was declared void also as to the sureties, for the reason given by the Court, that it could not be good as a replevin bond, as to part of the obligors only.

Here all were capable of binding themselves, and all did voluntarily bind themselves. The bond, if not void as to all, is not void as to any.

The case of *Byrne, &c.* vs *Caldwell, &c.* 2 *Litt.* 125, is a stronger case than the one before us. There the judgment was recovered in the name of Slaughter, and the replevin bond was executed to Byrne & Co. to whom the execution had been assigned; yet the Court determine that, "however irregular the bond may be, it must, to every legal purpose, be denominated a *replevin bond,* as it was returned by the officer as such;" and they refused to sustain a motion to quash, under the statute, upon the ground that it was not made in time. The statute is as explicit, that the bond shall be executed to the plaintiff's in the execution as that the *defendants* shall join in it. If in the one case it must be treated as a *replevin bond,* so must it be treated in the other, the *returns* of the officer being precisely similar.

Land given up by defendant in execution, to satisfy the same and to be sold in gross, may be so sold, and a parol authority to sheriff so to sell, is sufficient to cure the irregularity in the sale.

The question involved in the second objection, has been settled by this Court in the case of *Dougherty, &c.* vs *Linthicum,* 8 *Dana,* 200. It is there intimated, in a case of gross abuse of discretion and authority, on the part of the officer, in a sale in gross, that it was an irregularity which might, perhaps, have subjected the sale to be quashed on motion, but which did not render it *void.* We still adhere to the opinion there intimated. Indeed, in this case, it might well be questioned whether, especially as to John Williamson, the plaintiff, there was any irregularity, which could have injuriously effected his interest or furnished just ground for even quashing the sale. The land commanded a good price, and perhaps more than it would have commanded if it had been sold in disconnected parcels and in part in an undivided state. The land held by him could not have satisfied the half of the execution for which he was bound, whether it be

estimated by the amount per acre, for which the land sold, or the value fixed upon it by the valuers.

Besides, it was *given up in gross* to be sold, and John Williamson, though present, made no objection to the *manner* of sale.   Though a parol authority to the officer to sell and convey land, might not be good under our statute of frauds and perjuries, when the officer had no legal authority to sell and convey, independently of the authority given, yet we are satisfied, when he has the legal power to levy, sell, and convey, that a party interested may, by parol, give authority to sell in gross, or waive any irregularity in the sale, on this ground.   If so, John Williamson could not even have sustained a motion to quash the sale, much less can he, some ten years after, maintain an action of ejectment against the purchaser, upon such grounds.

The instructions of the Circuit Court being in accordance with the foregoing views, it is the opinion of this Court, that the judgment be affirmed, with costs.

*Turner and Bradley* for plaintiff: *Harlan* for defendants.