*Guthrie* for plaintiff.

---

## Kouns *vs* Bank of Kentucky.

Error to the Fayette Circuit.

*Motion. Principal and surety.*

Judge Ewing delivered the opinion of the Court.

Trimble became indebted to the Bank of Kentucky, with Combs as surety, in the sum of $1500; judgment was recovered against them for the amount in the Fayette

Motion.

Case 101.

April 23.

The case stated.

Circuit Court, where Combs resided, and by an arrangement between the counsel for the Bank and Trimble, the execution was issued and sent to Greenup county, where the principal resided and where his property was to be found. The Sheriff instead of selling the property of Trimble in satisfaction of the debt, permitted him to replevy the same with Kouns and others as his sureties. The Cashier of the Bank threatened to quash the bond after its return to the office, upon the ground that Combs had not joined in it. After the execution was taken out on the same, directed to Greenup, Combs made an arrangement with the Bank by which he satisfied the debt and procured the execution to be assigned to Batey, his agent, an attorney in Greenup, and sent the execution there for collection. Upon these facts, Kouns, the surety of Trimble in the replevin bond, moved the Court to quash the bond and execution and return thereon upon the ground that the debt had been paid and the bond satisfied. This motion was overruled by the Circuit Court and the case has been brought to this Court by Kouns for revision.

Though it be irregular for a sheriff to admit a part of the defendants in an execution to replevy, yet the bond so taken is valid as a replevy bond, until quashed at the instance of plaintiff; the judgment is merged therein—

We think the motion was properly overruled, though it was irregular in the Sheriff to allow a replevin bond to be executed unless all the defendants in the execution had joined in the same, yet the bond having been taken and returned to the office, was valid and binding on the obligors as a replevin bond until quashed by the order of the Court on the motion of the plaintiff in the execution alone, made in due time. As a valid replevin bond, it merged the judgment and released Combs from responsibility, and he not being a party to the bond, had as much right as any other to make an arrangement with the Bank for the benefit of the execution. The fact that he was moved to this arrangement by an apprehension of eventual responsibility, in case the Bank should make and sustain a motion to quash the bond, can make no difference; nor has Kouns any just ground to complain— he entered into the bond as the surety of Trimble, and not as the surety of Combs; by entering into the bond he has not benefitted Combs, but may and most likely has done him an injury, for had he not joined in the bond the money might long since have been made out of

And one defendant (surety) left out of the replevy bond may lawfully procure the benefit of such replevy bond, & it will not on that account be liable to quashal at the instance of the other defendant (surety) in the judgment who replevied the debt.

the property of Trimble the principal debtor, or his property sold on a three months credit, to the full amount of the debt, and the sale bonds of third persons taken, whereby Combs would have been entirely. released from all further responsibility or trouble.

In the case of *Parsons* vs *Breddock*, (2 *Vernon,* 603,) the Chancellor ordered the principal debtor to assign to an original surety, who had been compelled to pay the debt, a bail bond which had been executed with other sureties. And the action of the Chancellor in that case was cited with approbation by this Court, in the case of *Patterson* vs *Pope*, (5 *Dana,* 244.) By the execution of the bail bond, the principal debtor had been kept out of jail, whereas had the sureties not joined in the bail bond he might have been put in jail and thereby coerced to pay the debt, whereby the original surety would have been discharged from liability. In this case the sureties, by entering into the replevin bond, have suspended the execution and saved the property of the principal debtor from sale, whereby the debt may have been made; and the original surety, Combs, having paid the debt, asks not that the replevin bond shall be assigned to him, but having obtained the assignment, asks merely that the bond, which never has been paid by any of the obligors therein, shall not be quashed and he be deprived of the benefit of his indemnity thereon. Had the sureties in the replevin bond paid the debt they would have no right to ask contribution from Combs for any part of the amount; as they have not paid it, but the amount has been satisfied by Combs, upon consideration of the assignment by the Bank of the bond or use of the execution to him, they have no more right to quash the bond on the ground of payment than if it still belonged to the Bank, and no satisfaction or arrangement had been made by Combs.

The judgment of the Circuit Court is, therefore, affirmed with costs.

*Cates & Lindsey* for plaintiff; *Robinson & Johnson* for defendants.