CASE 27—PETITION ORDINARY—FEBRUARY 2.

# Sanders, &c., vs. Parrott.

APPEAL FROM TAYLOR CIRCUIT COURT.

1. A sheriff, under an order to sell attached property, reported the sale and collection of the proceeds, which the court ordered him to loan out on good security, and report at the next term; but he failed to make the required report. Held—That

the sureties of the sheriff were not responsible for the money so ordered to be loaned. (*Civil Code, sections* 239, 188, 189.)

2. The order to the sheriff to loan the money imposed a personal trust, as to which the sheriff, as such, had no authority, and was under no official obligation, and for a faithful execution of which the sureties were not bound.

T. T. ALEXANDER, for appellants, cited *Civ. Code, secs.* 188, 328.

BRAMLETTE & VANWINKLE, on same side, cited *Civ. Code, secs.* 239, 187, 188.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

Under an order to sell property which had been attached by various creditors, the sheriff reported to the court making the order that he had made the sale and had collected the proceeds. The court, approving the report, directed the sheriff, after retaining certain amounts for his services, &c., to loan out the residue of the money on good security, and report at the next term. The sheriff having failed to make the required report, the court ordered a summons *nisi* to issue against him. But before any disposition was made of the citation, the appellee, as assignee of the property attached and sold, and to whom the proceeds were adjudged, brought this suit against the sheriff's sureties, and recovered a judgment for the amount which the sheriff had been ordered to loan out.

Several questions are involved in the revision of that judgment, the most vital of which is that of the legal liability of the appellants on the facts stated. And, as our answer to this question will be decisive of the whole case, we will consider no other question.

In reference to such sales, the 239th section of the Code of Practice provides, " that the proceeds, if collected by the sheriff, shall be held and paid over by him, under the same requirements and responsibilities of himself and his sureties as are provided in respect to money deposited in lieu of bail."

The provisions referred to in this section are contained in the sections 188 and 189 of the Code; and which, so far as now material in this case, are as follows:

"SECTION 188. The court shall make proper orders for the

safe-keeping of money deposited in lieu of bail.   It may direct the sheriff to keep the money," &c.

"SECTION 189.  Money deposited in the hands of the sheriff in lieu of bail, or directed by the court to be kept by him, shall be held upon his official responsibility; and he and his sureties shall be liable, and may be proceeded against for any default in relation thereto, as in other cases of delinquency."

The law, as thus presented, holds the sureties responsible in only two classes of cases—1. When their principal has failed to account for the money by reporting it to the court, as required by another portion of section 188; and, 2. When the court directs him to keep it.  By the report, as made at the proper time in this case, the money was potentially a deposit in court, subject to the control and disposition of the court; and the court so considered it and did dispose of it.   And, therefore, the sureties are not responsible for it as an original deposit, never legally accounted for by their principal.   The court did not order the sheriff to keep the money, but took it out of his official hands by ordering him, as its agent, to loan it out. The sureties were not responsible for the faithful execution of this personal trust imposed by the court, and as to which the sheriff, as such, had no authority and was under no official obligation.   By the court's order the sureties were obstructed in any remedy *quia timet* for securing the money in the sheriff's hands, or for restoring it to the custody and control of the court.   And certainly the law, as quoted, does not make them guarantors of a faithful loaning, nor of the sufficiency of the security.   By the order of the court, therefore, their responsibility for the money ceased.

Wherefore, the judgment is reversed, and the cause remanded, with instructions to sustain the demurrer to the petition.