JUDGE ELLIOTT
delivered the opinion oe the court.
On the 26th of June, 1875, the appellee recovered judgment on a note for $80, with interest and costs, against the appellants before a justice of the peace for the county of Marshall, and *395 within sixty days thereafter the appellants prayed an appeal to the circuit court of said county by filing a transcript of the justice’s record, executing an appeal bond, etc.
The summons on the appeal having been executed on the appellee, he appeared in the circuit court, and, on his motion, the appeal was dismissed at the appellants’ cost, from which judgment they have appealed to this court. The correctness of that judgment depends upon the constitutionality of an act of the general assembly which became a law without the governor’s signature on the 13th of February, 1874. The following is the title of that act: “An act increasing the jurisdiction of justices of the peace in Crittenden, Caldwell, and other counties of this commonwealth.”
The first section of the act increases the jurisdiction of justices of the peace to $100 in about fifty of the counties of this state in actions for the recovery of money or personal property, and the second section provides that upon all judgments thereafter rendered in justices’ courts by virtue of the provisions of said act, “ where the amount in controversy is of the value of less than $50 and as much as $10 or more, exclusive of interest and costs, appeals may be had by either party to the quarterly courts of such counties in which the judgment is rendered; and when the amount in controversy is of the value of $50 or more, exclusive of interest and costs, appeals may be had by either party to the circuit court of the county in which the judgment is rendered.”
By section 37 of article 2 of the Constitution of this state it is provided that “ no law enacted by the general assembly shall relate to more than one subject, and that shall be expressed in the title.”
The subject to which this act relates, as stated in the title, is “increasing the jurisdiction of justices of the peace in Crittenden, Caldwell, and other counties of this commonwealth j” but in the body of the act, and after legislating on *396 the subject named in the title, a section is added on a subject entirely different from the one named in the title, by which the legislature undertakes to regulate the appellate jurisdiction of both the quarterly and circuit courts in appeals from justices of the peace of the counties named; and we are of opinion that so far as the act undertakes to establish the appellate jurisdiction of the quarterly and circuit courts of the counties named it is in conflict with the provision of the constitution quoted in this opinion, and is null and void.
By the constitution the act could only relate to one subject, but it does relate to more than one subject. By the constitution the subject to which the act relates must be stated in the title; the subject to which the second section of this act relates is not stated in its title. By the title of the act the legislature indicated the subject of legislation, which was the increase of the jurisdiction of the justices of the peace in the counties named, and any legislation in relation to such increase of jurisdiction was legitimate; but that provision which undertakes to fix the appellate jurisdiction of the quarterly and circuit courts in appeals from judgments of justices of the peace in the counties named does not relate to the increase of the jurisdiction of justices of the peace of said counties, but, on the contrary, relates to different courts and to a different subject, and one not indicated by the title of the act; and as to said additional subject of legislation thé act is void and of no effect, and does not change the existing laws upon the subject of appeals from judgments of justices of the peace in the counties named. And according to the' law regulating such appeals, the appellants should have appealed from the justice’s to the quarterly instead of the circuit court, and as we perceive no error in the judgment dismissing the appeal, the same is affirmed.