JUDGE COFER
delivered the opinion oe the court.
The appellant recovered a judgment in a justice's court against L. J. Maddox and Jacob Hardesty, in December, 1874, for the sum of $50. An execution issued on the judgment, which was replevied by Maddox with Pollard as his surety. Hardesty was only surety, and refused to join in the replevin bond. The bond bore date May 8, 1875, and in August of that year a fi. fa. was issued thereon, and on the appellant's order was held up by the officer in whose hands it was placed for one month, and then returned to the office whence it issued. Another fi. fa. was subsequently issued, and levied on enough of the property of Pollard to satisfy the debt. The appellant, four days before the property levied on was to have been sold, ordered the execution to be returned, and in December, 1875, on his motion the replevin bond was quashed by the justice's court.
The appellee prosecuted an appeal to the circuit court, where, by consent, the cause was heard, and the order quashing the bond reversed; and from that judgment the appellant prosecutes this appeal.
1. It is contended that the act of the General Assembly under which the appeal was prosecuted directly to the circuit court, having^ been held to be unconstitutional (Jones v. Thompson, 12 Bush, 394), the circuit court had no jurisdiction to reverse the order of the justice's court quashing the bond.
The appellant did not move to dismiss the appeal, or otherwise object to the jurisdiction of the court, but consented to a submission and trial of the case. The case was one of the subject-matter of which the circuit court had jurisdiction, and *367 the objection to the jurisdiction, because the case had been brought directly from the justice’s court to the circuit court, instead of being brought there through the quarterly court, was waived by the failure to move to dismiss and the consent of appellant to a trial in the circuit court.
2. It is next contended that the circuit court erred in its decision on the merits.
There is no doubt but the plaintiff in a judgment against two or more persons, only a part of whom have united in replevying it, may, on motion made in proper time, have the replevin bond quashed.
The reason for the rule is obvious. A replevin bond is a satisfaction of the judgment as to all the defendants, whether they unite in the bond or not, and the plaintiff can not thus be deprived, without his consent, of the right to look to all the defendants for the satisfaction of his judgment. (5 Mon. 404; 1 J. J. Mar. 496; 2 Hid. 137; 1 B. Mon. 238; 2 B. Mon. 304; 1 Duv. 292.)
But he may consent to accept a bond in which only a part of the defendants have united; and if he does so, he has no right afterward to recant his election and quash the bond, and thereby revive the liability of those who did not sign it, and who, so long as he chose to recognize the bond as valid, were discharged from liability, and deprived of all right to seek indemnity against loss by compelling the payment of the debt by those who, as between the several defendants, are ultimately liable, or by paying it off, and taking control of the judgment for his own benefit.
The appellee was only the surety of Maddox for the debt. If it had not been replevied, the money might have been coerced from Maddox in the first instance; or, if not, the appellee might have paid it, and by taking an assignment have secured himself against loss.
The execution of the replevin bond, by satisfying the judg *368 ment, deprived him of that right as long as it remained in force.
But if the officer took the replevin bond without the direction or consent of the plaintiff, it would be unjust to allow the act of the officer to deprive him of his right to look to both the defendants in the judgment. Hence the plaintiff should be allowed a reasonable time in which to make his election whether he will accept the bond as taken or resume his right to look to all the defendants in the judgment by quashing the bond.
If, having had a reasonable time in which to elect and move to quash the bond, he fails to do so, or if he does any act which shows that he has accepted the bond, he should not be allowed afterward-to quash it.
The appellant not only caused one execution to issue and then stayed it, but he caused a second to issue, and after it was levied stayed it also.
The appellee had no right to have the bond quashed; so that during the entire time, from May to December, he was deprived of all power to proceed for his own indemnity, and from August to December the appellant stood by and recognized the bond as valid, and proceeded as if he was satisfied with and accepted it as full'satisfaction of his judgment; and he ought not now, in reason and common justice, to be allowed, by quashing the bond, to revive the appellee’s liability.
His counsel cite and rely upon the opinion of this court in Skinner v. Robinson (Hardin, 4), where, upon very similar facts, a bond was quashed. . The court gave no reason for its decision, and several cases decided since that time Show that the court has held a different view on that subject.
In Kouns v. The Bank of Kentucky (2 B. Mon. 303),the court said such a bond might be quashed upon motion “made in due time;” and the same in substance was said in Prather v. Harlan, &c. (6 Bush, 185), and in Havens v. Foudry (4 Met. *369 247), and in Husbands v. Paducah & Lovelaceville Gravel Road Company (MS. Opinion, November, 1875), where, on facts not stronger than those developed in this case, it was distinctly held that a similar bond could not be quashed.
We therefore feel authorized, upon reason and authority, to decide, and we do decide, that unless a motion to quash a replevin bond in which only a portion of the defendants in the judgment have joined be made within a reasonable time after it is executed and returned, and before any act has been done by the plaintiff from which an intention to waive his right to hold all the defendants liable can be inferred, the bond must be presumed to have been accepted in satisfaction of the judgment.
Counsel contend, however, that although the appellee was merely surety in the note on which the judgment was recovered, he was a principal in the judgment, and consequently has no right to complain that he has been deprived, by the replevying of the judgment, of his right to take steps to compel Maddox to discharge the debt, or, by paying it off, to take control of the execution for his own benefit.
This position is not tenable. The appellee continued for most, if not for all purposes, to be a mere surety. He was entitled to demand the same good faith on the part of the appellant after as before judgment.
If he had united in the replevin bond he would have been a principal as between himself and Pollard; and that is all that was decided in Milliken v. Dinning (6 Bush, 646).
But as he did not sign the bond, and was only surety for Maddox, Pollard can not, if compelled to pay the debt, look to the appellee for indemnity or even for contribution. (Kouns v. Bank of Kentucky, supra.)
We are therefore of the opinion that there was no error in the judgment of the circuit court, and it is affirmed.