MONTEREY & NEW COLUMBUS TPK. CO. *v.* F. W. DAVIS.

[Abstract Kentucky Law Reporter, Vol. 3—465.]

**Injunction Against Execution in Quarterly Court.**

Where an appeal in a civil suit is erroneously taken from a justice of the peace to the quarterly court, and this court has no jurisdiction of the cause but renders a judgment for the plaintiff, neither the

failure of the defendant to object nor even the consent of both parties could give the court authority to enter a judgment, and execution on such a void judgment may be enjoined.

## APPEAL FROM OWEN CIRCUIT COURT.

### November 17, 1881.

OPINION BY JUDGE LEWIS:

In 1878, upon the trial of an action in the court of a justice of the peace for the recovery of $100, judgment was for the defendant in the action. But an appeal being taken to the quarterly court, the plaintiff in the action recovered judgment for the amount of his debt. From that judgment an appeal was taken to the Owen Circuit Court, which was by that court dismissed. Subsequently an execution was issued on the judgment of the quarterly court, and this action was brought in that court to enjoin proceedings under it. Upon the trial judgment was rendered perpetuating the injunction, and upon appeal to the circuit court the judgment of the quarterly court was affirmed. The case is before this court by appeal from the judgment of the circuit court.

The only question to be considered is whether the quarterly court had jurisdiction of the subject of the action in which the judgment enjoined was rendered. By the fourth section of an act of the General Assembly entitled "An act to regulate the civil jurisdiction of justices of the peace, police judges, and quarterly courts, and the appellate jurisdiction of circuit courts from judgments, and to authorize the quarterly courts to appoint clerks," 1 Acts 1876, Ch. 998, it is expressly provided that "In all cases where the matter in controversy is of the value of ten dollars or more, exclusive of interest and costs, either party may have an appeal to the circuit court * * *; but no appeal shall be taken from the judgment of a justice of the peace or police judge to the quarterly court."

By Civ. Code, § 92, sub-sec. 4, it is provided that the failure to answer is not a waiver of the objection to the jurisdiction of a court of the subject of the action. The quarterly court not having jurisdiction of the subject of the action in this case, but being in express terms denied the right to exercise it, neither the

22

failure to object, nor even consent of the parties, rendered the judgment valid.

The case of *Hughes' Admr. v. Hardesty,* 13 Bush (Ky.) 364, referred to by counsel, differs essentially from this. In that case the circuit and quarterly courts, under the provision of a special act applicable to certain counties named, both had jurisdiction of the subject of the action, and it was decided that the objection to the jurisdiction because the appeal had been brought directly from the justices' court to the circuit court, instead of being brought there from the quarterly court, was waived by a consent of the parties to a trial in the circuit court.

In this case the law required the appeal to be taken directly from the justices' court to the circuit court, and expressly prohibited it being taken to the quarterly court at all.

Wherefore the judgment of the court below is *affirmed.*

*Hallam & Gordon, for appellant.*

*T. D. Theobald, for appellee.*