Davidson v. Johnson.

CASE 29—CONTEST BY GEORGE H. DAVIDSON OF THE ELECTION OF W. A. JOHNSON TO THE OFFICE OF MAYOR OF THE CITY OF COVINGTON. —APRIL 29.

## Davidson v. Johnson.

### APPEAL FROM KENTON CIRCUIT COURT.

JUDGMENT FOR CONTESTEE AND CONTESTANT APPEALS. AFFIRMED.

JURISDICTION—WAIVER OF OBJECTION—FAILURE TO SPECIFY GROUND OF OBJECTION—ELECTION CONTESTS—VALIDITY OF LAW CREATING CONTEST BOARD.

Held: 1. The fact that the contestee in an election contest, after his objection to the jurisdiction of the contest board had been overruled, made defense, and upon appeal by the contestant to the circuit court again made defense after his objection to the jurisdiction of the court had been overruled, was not a waiver of his objection to the jurisdiction of the subject-matter.

2. Objection to the court's jurisdiction of the subject-matter may be made at any time during the trial.

3. Even if the circuit court might have had jurisdiction of an election contest if proceedings had been originally instituted therein, a question not determined, it could not acquire jurisdiction to hear and determine the contest upon a record made out and transmitted to it by a board having no power to try a contested election.

4. The statute creating a board, with judicial powers, to try county election contests, is void, as creating a new court, which is forbidden by the Constitution.

5. The fact that the contestee did not specify, as a ground of his demurrer to the jurisdiction of the contest board, that the law creating the board was unconstitutional, does not preclude him from relying on that ground upon appeal.

6. A proper judgment will be affirmed, though the lower court may have given a wrong reason therefor.

W. H. MACKEY, F. M. TRACY AND HARVEY MEYERS, FOR APPELLANT.

### QUESTIONS DISCUSSED.

1. The election of November 7th, 1899, in the city of Covington was not "free and equal."

2. The mandatory requirements of the Kentucky Stat-

Davidson v. Johnson.

utes essential to a fair election, particularly sections 1470 and 1481 of the Kentucky Statutes, were recklessly disregarded.

3. There was fraud in the conduct of the election and in the counting of the ballots and in the making of the returns.

4. The neglect of mandatory provisions of the law essential to a "free and equal" election, the intimidation and fraud practiced, in the precincts mentioned in the notice of contest herein, were such as to discredit entirely the returns from the said precincts, particularly the returns from precinct A. of the first ward, precinct C. of the second ward, and precinct E. of the third ward; and the returns from those precincts must be rejected.

The rejection of the returns from the three precincts mentioned, viz.: that is, A. of the first ward, C. of the second ward, and E. of the third ward will result in a large plurality for the appellant, Davidson. The rejection of the returns fom precinct C. of the second ward alone will also elect Davidson by a considerable plurality.

5. The returns from precinct A. of the first ward, precinct C. of the second ward, and precinct E. of the third ward being invalid and unworthy of credit by reason of neglect of mandatory provision and of fraud practiced, and the appellee, Johnson, having failed to establish his election by evidence other than that afforded by the returns, the judgment of this court must be in favor of Davidson, the appellant.

### LIST OF AUTHORITIES CITED IN BRIEF.

Sec. 6 of Constitution of Kentucky; Secs. 1470 and 1481 of K. S.; Hocker v. Pendleton, 100 Ky., 727; "On Mandatory and Directory Statutes," Ky. Law Rep. vol. 2, 166, 167, 168; Kock v. Bridges, 45 Miss., 258; Hines v. Lockport, 5 Lansing (N. Y.), 162; Sedgwick on Const. Law, p. 317, note; Cooley on Const. Limitations (2d ed.), marg. p. 77; Hogan v. Devlin, 2 Daly, p. 184; People v. San Francisco, 36 Cal., 595; Supervisors of Niagra v. People, 7 Hill, 511; Vattel's Rule, Rule 30 in Potter's Dwarris on Statutes, p. 130; Tebbs v. Smith, 108 Cal., 101; Am. & Eng. Ency. of Law (2d ed.), vol. 10, p. 588; Com v. Miller, 98 Ky. pp. 446, 449, 450; Com. v. Barry, 98 Ky., p. 316; Kentucky Statutes, secs. 1484, 1577, 1578, 1588, 1591; Kentucky Statutes, sec. 1482; Covode v. Foster, 2 Bartlett's Election Cases, 600; Howard v. Cooper, 1 Bartlett's Election Cases, 275; McCrary on Elections (4th ed.), secs. 569, 570, 571, 574, 575, 576, 578, 579, 580, 582a, 583; Atty. Gen. v. Stillson, 108 Mich., 419; Am. & Eng. Ency. of Law, (2d ed.), vol. 10, pp. 690, 774, 832; Russell v. McDowell, 83 Cal., 77; Am. & Eng. Ency. of

Davidson v. Johnson.

Law (2d ed.), vol. 10, pp. 766, 767; Atkinson v. Lorber, 111 Cal., 419; Gaston v. Lamkin, 115, Mo., 20; Am. & Eng. Ency. of Law (2d ed), vol. 10, p. 696; Smith v. Shelley, 2 Ellsworth's Election Cases, 18; *In re* Duffy, 4 Brewster (Pa.), 531; Oliver v. Bode, *et al.*, 3 Ohio *Nisi Prius*, Rep., 298; Reed v. Kneass, 2 Parsons (Phila.), 584; McCrary on Elections (4th ed.), 502.

B. F. GRAZIANI, ATTORNEY FOR APPELLEE.

The contestant, George H. Davidson, through his attorney has endeavored to give five reasons for the disfranchisement of votes in precinct A. of first ward, C. of the second ward and E. of the third ward—claiming (1) that the election was not free and equal, (2) that the election law was disregarded, (3) that there was fraud in the conduct of the election and in the counting of the ballots, (4) that the election was not free and equal and was fraudulent and there appears a repetition of the first three reasons, and (5) that the contestant, W. A. Johnson, had failed to show by proof that the election in precinct A. of the first, C. of the second and E. of the third was fair.

The only essential proposition advanced by contestant to be met, is, was the count made by certain election officers in the three precincts above mentioned fairly made or not?

Our contention is, that before this court can invalidate or annul the election of contestee, W. A. Johnson, as mayor of the city of Covington, there must be:

1. Positive proof that the election in these three precincts, and the returns made by these officers, were false; that the presumption is in favor of the regularity of the acts of public officers.

2. The burden of proof is upon the party alleging any irregularity.

3. The result of the election must be affected by the irregularity.

4. The maxim that fraud is not to be presumed, applies to election officers, making returns, as it does to individuals in other matters.

5. That the presumption is against fraud, and is greater on account of the acts of public officers, rather than individuals, acting as they do under the sanction of their official oaths.

6. That nothing but the most credible, positive and unequivocal evidence should be permitted to destroy the credit of official returns.

7. That it is not sufficient to cast suspicion on them.

8. They must be proven fraudulent before they can be rejected.

Davidson v. Johnson.

9. The burden of proof is upon the contestant to prove as above set out, the fraud and have the precincts rejected because of irregularities.

## CITATIONS.

Pratt v. Breckinridge, 23 Kentucky Law Rep., p. —; Civil Code, sec. 92, subsec. 4; Civil Code, sec. 118; sec. 13 Election Law of 1898; Act of 1894, article 7, sec. 1; Hugh's Admr. v. Hardesty, 13 Bush, 366; Hughey v. Sidwell's Heirs, 13 Ben Monroe, (p. 209 at bottom) Fidler v. Hall, 2 Met., p. 262; Grant v. Tams & Co., 7 T. B. Monroe, p. 150 (at bottom); Amer. & Eng. Ency. of Law, vol. 12, pages 301-2-2-306; Elliott v. Piersol, 1 Pet. (U. S.) 328; Hickey's Lessee v. Stewart, 3 How. (U. S.) 750; Pennywit v. Foote, 27 Ohio St., 600; Nazro v. Cragin, 3 Dillen, (U. S.) 474; Gormly v. McIntosh, 22 Barb., 271; Barton v. Barton, 80 Ky., page 214; Amer. & Eng. Ency. of Law, vols. 6, 326, 354, and 433; Anderson v. Winfree, 85 Ky., page 609.

OPINION OF THE COURT BY JUDGE GUFFY—AFFIRMING.

The appellant and appellee were at the November election, 1899, candidates for the office of mayor of Covington, and as such were voted for. The election commissioners, after receiving the returns and canvassing the same, issued a certificate of election to the appellee, Johnson. Soon thereafter the appellant served notice of contest upon the appellee, notifying him that appellant contested his election, and would, before the said election commissioners of Kenton county, claim to be the duly elected mayor of said city, and asking a judgment to that effect at the hands of the commissioners. Numerous grounds are relied upon in the notice, which need not be recited. The appellee demurred to the jurisdiction of the said commissioners to hear and determine the contest, which demurrer was overruled by the commissioners. He also sought in other ways to prevent the commissioners from hearing, trying, and determining the matter, claiming that they had no jurisdiction to do so; all of which motions and demurrers were overruled, and the commissioners, as a contest board, proceeded to hear and

determine the contest upon the law and the facts. A large
number of depositions were taken. The contest board, upon
final hearing, dismissed the contest. From this judgment
of dismissal appellant appealed to the Kenton circuit
court, and executed bond, and · had summons is-
sued and served upon appellee to answer the appeal. The
appellee moved to dismiss the appeal, and also entered a
demurrer, and insisted that the county board of contest had
no jurisdiction to hear and determine the contest. The cir-
cuit court, however, overruled the demurrer and motion to
dismiss, and proceeded to hear and determine the case upon
its merits, and dismissed the contest. From this order of
dismissal appellant prosecutes this appeal.

It is insisted for appellee that the county board of con-
test had no jurisdiction to hear and determine the matter,
and, that being true, the circuit court had no jurisdiction of
the appeal; hence ought to have dismissed the same and
sustained the demurrer of appellee; and cites the opinion of
this court in Pratt v. Breckinridge 112 Ky., 1, (23 R., 1356-
1858), (65 S. W., 136), as being conclusive of that question.
It is earnestly insisted for appellant that the appellee sub-
mitted himself to the jurisdiction of the county board, and
made defense before it, and hence the question of jurisdic-
tion must be held to have been waived; and the same con-
tention is made in regard to the proceedings in the circuit
court after the appeal was taken to it. It is also suggested
that the grounds of demurrer and reasons for asking a dis-
missal were not based upon the doctrine announced in
Pratt v. Breckinridge; hence, it is argued, the contention
of appellee can not be sustained, and this court should hear
and determine this cause upon its merits. It is also argued
that the circuit court had jurisdiction to hear and determine
the right of the party to the office of mayor. In other

words, the circuit court had original jurisdiction to try the contest between these parties for the office in question, and therefore, when the case was taken to the circuit court, it should have heard and determined the matter; and it is insisted that the circuit court erred in its judgment of dismissal, and that this court ought to reverse the same. Many authorities are cited by appellant to sustain his contention, but we fail to perceive that any of them sustain the proposition contended for. In Hughes' Adm'r v. Hardesty, 13 Bush, 364, this court held that where the circuit court had jurisdiction of the subject-matter, and the parties agreed to a trial thereof upon an appeal from a justice's court, it was too late when the case reached this court to object to the proceedings in the circuit court on the ground that the circuit court had no appellate jurisdiction of the judgment in question. The facts in the case, supra, show that in a justice's court a replevin bond had been quashed, and the unsuccessful party prosecuted an appeal to the circuit court, where by consent, the cause was heard, and the order quashing the bond reversed, and from that judgment the appellant prosecuted the appeal. It was the contention of appellant that, inasmuch as the circuit court had no jurisdiction of the appeal from the justice's court, such appeal should first have gone to the quarterly court, and that the judgment of the circuit court reversing the judgment of the justice's court ought to be reversed by this court. The opinion of this court is to the effect that the circuit court would have had original jurisdiction of the matter in contest, and if the appellant did not move to dismiss, or otherwise object to the jurisdiction of the court, but consented to a submission and trial of the case, he therefore could not in this court be heard to raise the question of jurisdiction. It seems manifest that if the appellant had objected to the

jurisdiction of the circuit court upon appeal, and moved to dismiss it, and if the circuit court had overruled the motion, this court would, upon appeal, have reversed the judgment of the circuit court. In Fidler v. Hall 2 Metc., 461, this court expressly held that, where the inferior court had no jurisdiction of the action, an appeal therefrom to a superior court should be dismissed. The facts in the case appear to be that Hall sued Fidler in a justice's court upon an obligation for a larger sum than the justice had jurisdiction of, namely, a $50 note, with accrued interest. The justice was of the opinion that the amount in controversy exceeded his jurisdiction, and dismissed the warrant. From this judgment Hall appealed to the quarterly court, which likewise dismissed him. He then appealed to the circuit court. After the appeal had been filed in the circuit court, and process had issued thereon, and been served upon Fidler, Hall filed a petition in equity, asserting a lien for the amount of his debt upon certain property mentioned in the obligation. This petition was, upon Fidler's motion, dismissed, and, as the record shows, the case then stood upon the appeal from the quarterly court. A jury having been dispensed with, and the law and facts submitted to the court, a judgment was rendered in Hall's favor reversing the judgment of the quarterly court, and awarding him the full amount of his debt against Fidler. Of this judgment Fidler complained, and prosecuted an appeal to this court. This court said the justice very properly dismissed the original warrant for want of jurisdiction, and, after discussing what constituted the amount in controversy, said: "If, as we have seen, the justice had no jurisdiction, it results, not only that the quarterly court properly refused to take cognizance of the case by appeal, but that the circuit court should, in like manner, have refused, and erred in not thus refusing

Davidson v. Johnson.

and dismissing the appeal. It has been repeatedly held by this court that the circuit court has no jurisdiction to try causes upon appeals from justices over which the justices themselves have no jurisdiction. As was said in Kirk v. Williams 4 T. B. Mon., 413, 'to tolerate such new mode of bringing causes into courts would be to permit an abuse never intended to be allowed by the Legislature. Lane v. Young 1 Litt., 40.' The reason of this rule applies to appeals from quarterly courts to those from justices; and, in the absence of any legislative enactment allowing such practice, we have no hesitation in adhering to the rule, and applying it to appeals from quarterly courts. The submission of the law and facts did not operate as a waiver of the objection upon the score of jurisdiction. The effect of this was merely to dispense with a jury to try the facts, and the subsequent exception to the judgment shows that it was so regarded by the parties. It seems to us that the circuit judge erred in assuming jurisdiction over the matter, and that he should have simply dismissed the appeal. Wherefore, the judgment is reversed, and cause remanded, with directions to the circuit court to dismiss the appeal." In Jones v. Thompson's Ex'r, 12 Bush, 394, it appears that an appeal was taken to the circuit court directly from a judgment of the justice of the peace, and on appellee's motion the circuit court dismissed the appeal, and from that judgment the appellant prosecuted an appeal to this court. The judgment of the circuit court was affirmed by this court for the reason that the circuit court had no jurisdiction of an appeal from the justice's court. In that case the circuit court would have had jurisdiction of the $80 claim if it had been brought originally in the circuit court.

It seems to be the contention of appellant that the appel-

lee must, at his peril, decline to plead or defend a cause of action after a motion to dismiss or a demurrer had been overruled. We do not think such contention is tenable. Where the question of jurisdiction is as to the person, the rule seems to be well settled that the defendant, in order to avail himself of that objection, must first raise that question. In other words, he can not make defense and afterwards raise the question of want of jurisdiction as to the person; but if the objection to jurisdiction of his person has been overruled, he may make defense to the merits, and, if the case be finally decided against him, appeal to this court and have the question of jurisdiction passed upon. We know of no rule of law that would preclude a defendant from raising the question of jurisdiction of the subject-matter at any time during the trial. In this case, however, it appears from the record that the objection to jurisdiction, demurrers, and motion to dismiss were made in time to have raised even the question of jurisdiction over the person; but, whether this be so or not, they were clearly made in time to properly raise the question of jurisdiction of the subject-matter in controversy.

If it be conceded (we do not decide whether it is so or not) that the circuit court would have had jurisdiction of the contest if proceedings had been originally instituted therein, yet it could not acquire jurisdiction to hear and determine the contest upon a record made out and transmitted by the commissioners, who had no power to try a contested election, as was expressly decided in Pratt v. Breckinridge. Moreover, it is worthy of note that the circuit court tried the case alone, and, under the view entertained by it, was bound to try alone, upon the record made before the election commissioners.

After a careful consideration of the very able arguments

Davidson v. Johnson.

of counsel, we are of opinion that the circuit court should have sustained the demurrer of the appellee and sustained the motion to dismiss the appeal at the time same was made. We know of no rule of law that requires a party to assign all of his reasons upon which he bases his demurrer. In this case it seems that the demurrer raised the question of jurisdiction, both before the commissioners and the circuit court, and it was the duty of said tribunal to have considered the question of jurisdiction in all its bearings, whether or not specifically set out in the demurrer or motion.

It is a well-settled rule of law that a judgment should be affirmed, if right and proper, although the circuit judge might have based his idea or ruling upon an erroneous question of fact or law. The sole question presented to the appellate court is whether or not the judgment appealed from ought to have been rendered. The circuit court having dismissed the contest, it is wholly immaterial whether or not he reached that conclusion from a sound or correct course of reasoning.

It results from the foregoing that the judgment appealed from must be, and the same is, therefore, affirmed.